AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ❐ Original ❐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

214 Miami Lakes Drive, Milford, Ohio

Case No. **1:26-mj-00737**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the Southern District of Ohio *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before September 24, 2026 *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m. ❐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Stephanie K. Bowman.
*(United States Magistrate Judge)*

❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❐ for ____ days *(not to exceed 30)* ❐ until, the facts justifying, the later specific date of ____________.

Date and time issued: 09/10/2026 2:27pm

Stephanie K Bowman
*Judge's signature*

City and state: Cincinnati, Ohio

Stephanie K. Bowman, United States Magistrate Judge
*Printed name and title*

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| --- | --- | --- |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ________________

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

The property to be searched is 214 Miami Lakes Drive, Milford, Ohio 45150 (the "PREMISES.") The PREMISES is an approximately 1,841 square feet condominium with 2 bedrooms and 2 bathrooms. The PREMISES is the end unit of a row of 5 condominiums with "214" affixed to the front of the 2-car garage. The following images were obtained through the property search function of the Clermont County (Ohio) Auditor's website[1].



Photo source: Website of the Clermont County Auditor[2], date 11/09/2018

[1] https://www.clermontauditorrealestate.org/_web/search/commonsearch.aspx?mode=owner
[2] https://www.clermontauditorrealestate.org/_web/idoc2/photoview.aspx?sIndex=0&idx=1&LMparent=944



Photo source: Website of the Clermont County Auditor[3], Date 03/19/2024

[3] https://www.clermontauditorrealestate.org/_web/maps/cyclomedia.aspx?sIndex=0&idx=1&LMparent=944




Photo source: Website of the Clermont County Auditor [4], date 03/19/2026

[4] https://www.clermontauditorrealestate.org/_web/pictometry/pictometryipa.aspx?sIndex=0&idx=1&LMparent=944

## ATTACHMENT B

**Property to Be Seized**

1. The items to be seized are fruits, evidence, information, contraband, or instrumentalities, relating to violations of 18 U.S.C. § 2422(b) (Coercion and Enticement and Attempted Coercion and Enticement) and 18 U.S.C. § 2423(b) (Travel with Intent to Engage in Illicit Sexual Conduct), occurring between 1990 and 2008 (the "TARGET OFFENSES"), that have been committed by JEFFREY TURNER TAYLOR (the "SUBJECT") as described in the search warrant affidavit, including, but not limited to:

a. Evidence of the TARGET OFFENSES;

b. Communications between SUBJECT and minors (other than his children), in particular, minors to whom SUBJECT discipled, ministered to, and mentored between 1990 and 2008;

c. Evidence of any planning or preparation to commit those offenses;

d. Evidence concerning efforts after the fact to conceal evidence of those offenses, or to flee prosecution for the same;

e. Evidence of the state of mind of SUBJECT, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

2. Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers, which constitute evidence of potential victims and witnesses of violations of the TARGET OFFENSES.

3. The passport of the SUBJECT.

4. Safes, both combination and key type, and their contents, which can contain evidence of the commission of the TARGET OFFENSES.

5. Mementos of the TARGET OFFENSES, including but not limited to minor boys' underwear and underwear waistbands; mementos, souvenirs, and keepsakes from travel with children, mission trips, and church retreats.

6. Records and information—including but not limited to photographs, calendars, journals, itineraries, receipts, and financial statements—relating to the SUBJECT's coercion and enticement of minors and/or travel with the intent to engage in illicit sexual conduct with minors. This includes but is not limited to:

a. Photographs, in particular photographs of minor boys not his children, photographs of SUBJECT with minor boys not his children, and photographs the SUBJECT showed to victims as described in the affidavit;

b. Photographs of mission trips, church retreats, and day or overnight trips the SUBJECT traveled to between 1990-2008;

c. Journals or diaries maintained by the SUBJECT between 1990-2008;

d. Calendars, electronic calendars, or datebooks maintained by the SUBJECT and/or concerning the SUBJECT's whereabouts and daily meetings between approximately 1990 and 2008;

e. The professional resume or curriculum vitae of the SUBJECT showing professional entries from 1990 until 2008;

f. Electronic removable media which may contain materials sought in this paragraph, including electronic copies of itineraries, receipts, financial statements, photographs and/or videos contained on storage media such as VHSs, CDs, DVDs, Floppy Discs, USB Drives, and external hard drives;

g. Computers that may be used as a means to store the materials described above.

7. For any computer and/or storage medium whose seizure is otherwise authorized by this warrant, and any computer and/or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

e. evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. contextual information necessary to understand the evidence described in this attachment.

8. This warrant authorizes temporary seizure of all papers, documents, photographs, electronic removable media at the PREMISES for further review at Federal Bureau of Investigation Field Office(s). Government personnel assisting in the investigation will promptly review these materials for assessment of seizure pursuant to ATTACHMENT B. All materials not responsive and included in ATTACHMENT B will be returned to the PREMISES within 7 calendar days.

9. Law enforcement personnel will, consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, seize any digital devices, within the scope of this warrant as defined above, deemed capable of containing the information, records, or evidence described in Attachment B and transport these items to an appropriate law enforcement laboratory or similar facility for review. For all the reasons described above, it would not be feasible to conduct a

complete, safe, and appropriate search of any such digital devices at the PREMISES. The digital devices, and/or any digital images thereof created by law enforcement sometimes with the aid of a technical expert, in an appropriate setting, in aid of the examination and review, will be examined and reviewed in order to extract and seize the information, records, or evidence described in Attachment B.

10. The analysis of the contents of the digital devices may entail any or all of various forensic techniques as circumstances warrant. Such techniques may include, but shall not be limited to, surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files); conducting a file-by-file review by "opening," reviewing, or reading the images or first few "pages" of such files in order to determine their precise contents; "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; and performing electronic "keyword" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are related to the investigation.

11. In searching the digital devices, the forensic examiners may examine as much of the contents of the digital devices as deemed necessary to make a determination as to whether the contents fall within the items to be seized as set forth in Attachment B. In addition, the forensic examiners may search for and attempt to recover "deleted," "hidden," or encrypted data to determine whether the contents fall within the items to be seized as described in Attachment B. Any search techniques or protocols used in searching the contents of the seized digital devices will be specifically chosen to identify the specific items to be seized under this warrant.

12. This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

13. If the government identifies seized materials that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the Prosecution Team will discontinue review until a Filter Team of government attorneys and agents is established. The Filter Team will have no future involvement in the investigation of this matter. The Filter Team will review seized communications and segregate potentially protected materials, i.e. communications that are to/from an attorney, or that otherwise reference or reflect attorney advice. At no time will the Filter Team advise the Prosecution Team of the substance of any of the potentially protected materials. The Filter Team then will provide all communications that are not potentially protected materials to the Prosecution Team and the Prosecution Team may resume its review. If the Filter Team concludes that any of the potentially protected materials are not protected (e.g., the communication includes a third party or the crime-fraud exception applies), the Filter Team must obtain either agreement from defense counsel/counsel for the privilege holder or a court order before providing these potentially protected materials to the Prosecution Team. This investigation is presently covert and the government believes that the subject of the search is not aware of this warrant.